IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS MILLETT | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | No.  06-4420 |
| | : | |
| CHARLES ERICKSON, et al. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sanchez, J.**                                                                          **June 18, 2007**

Francis Millett, serving 26 to 52 years incarceration in Pennsylvania for attempted murder,

aggravated assault, and robbery, asks this Court to disregard a lapse of six years between the

conclusion of his state collateral appeal and the filing of his petition for habeas corpus in federal

court.  Because I find no statutory or equitable reason to toll the one-year statute of limitations in the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[1] I will deny Millett's petition.

---

[1]The statute provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) (codified at 28 U.S.C. § 2244(d)(1)).

**FACTS**

Millett's 1987 conviction stemmed from two incidents in which he posed as a chimney sweep to enter the homes of two elderly persons where he beat and robbed the residents, leaving a male victim tied up and an 86-year-old woman unconscious and bleeding.  Both victims testified at his bench trial.

Millett's direct appeal was dismissed for failure to file a brief on February 23, 1988.  On September 28, 1990, Millett filed a petition for relief under the Post Conviction Collateral Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, which did not have a time limitation until its amendment in 1996.  Counsel was appointed, and Judge A. Leo Sereni of the Court of Common Pleas held a hearing in September 1991.  Millett's PCRA petition languished for six years while he fulfilled legal obligations to the state of New Jersey.  Judge Sereni denied Millet's PCRA petition in June 1997 and on September 8, 1998, the Superior Court affirmed the denial.  After some procedural maneuvering, the Pennsylvania Supreme Court denied Millet's petition for permission to appeal *nunc pro tunc* on May 18, 2005.

Millett filed[2] his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 5, 2006.  It was transferred to this Court and referred to Magistrate Judge Thomas J. Rueter who recommends denying Millett's petition as untimely.

**DISCUSSION**

Because Millett's state court conviction was final before AEDPA's effective date, he had a

---

[2]Under the prisoner mailbox rule, a document is deemed filed when it is deposited in the prison mailroom. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *United States v. Fiorelli*, 337 F.3d 282, 289 (3d Cir.2003).

year's grace, until April 23, 1997 to file his habeas petition.  A pending PCRA petition tolls AEDPA.

28 U.S.C. § 2244(d)(2).  Millett's PCRA petition was pending on April 23, 1997.  The state Superior

Court disposed of Millett's PCRA petition on September 8, 1998.  Millett had 30 days to seek

allocatur after which his PCRA petition was finally denied on October 8, 1999.  Millett's one-year

under AEDPA began to run that day and expired October 7, 2000.  *Stokes v. District Attorney of*

*County of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001) (holding time during which state prisoner

may file certiorari petition from denial of state post-conviction petition does not toll statute of

limitations).

Millett alleges his petition was filed in the Middle District of Pennsylvania on April 23, 2006,

which would make it timely in relation to the state Supreme Court's final denial of permission to

appeal *nunc pro tunc*.  The first sentence of Millett's September 5, 2006 petition to the Middle

District states, "this Petition was originally filed several months ago with your Court and then

'Elected to be withdrawn . . .'  Pet. at 1.  Even if Millett is correct and his initial habeas was within

a year of the denial of his *nunc pro tunc* allocatur petition, his petition is untimely.  Only properly

filed collateral appeals toll AEDPA.  *Schlueter v. Varner*, 384 F.3d 69, 78-79 (3d Cir. 2004).

Millett's several motions to appeal *nunc pro tunc*, to the Court of Common Pleas and the state

Supreme Court do not toll AEDPA's statute of limitations.  *Douglas v. Horn*, 359 F.3d 257, 261 (3d

Cir. 2004).  Millett's petition is six years late.

Millett alternatively asks this Court to impose equitable tolling on the AEDPA statute, which

this Court may do if he has in some "extraordinary way" been prevented from asserting his rights.

*Miller v. New Jersey Dept. of Corr.'s,* 145 F.3d 616, 618 (3d Cir. 1998).  Millett must show he

exercised reasonable diligence in investigating and bringing his claims; mere excusable neglect is

not sufficient.  *Id*. at 618-19.  The Third Circuit allows equitable tolling if: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3)  the plaintiff has timely asserted his rights mistakenly in the wrong forum. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir. 2001).

Millett presents no argument the Commonwealth misled him regarding his habeas rights or prevented him from asserting those rights, or that he timely filed in the wrong forum.  I find no reason to equitably toll AEDPA's statute of limitations.  I find Millett's petition for writ of habeas corpus untimely and will adopt Judge Rueter's Report and Recommendation.

An appropriate order follows.